UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-CV-12466-JCB

NARRAGANSETT BAY INSURANCE COMPANY,
Plaintiff

v.

KENNETH L. KAPLAN AND DONNA L. KAPLAN,
Defendants

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**STANDARD OF REVIEW**

Summary judgment is appropriate only when there is no basis of material fact in the dispute and substantive law supports a judgment for the moving party. Fed. R. Civ. P. 56, *Cline v. Industrial Maintenance Eng'g & Contr. Co.*, 200 F.3d 1233, 1229 (9th Cir. 2000), *Theran v. Rokoff*, 413 Mass. 590, 591, 602 N.E.2nd 191,192 (1992); *Correllas v. Viveiros*, 410 Mass. 314, 316, 572 N.E. 2d 7,9, (1991). The party moving for summary judgment must affirmatively demonstrate that there is not genuine issue of material fact. *Hunt v. Cromartie*, 526 U.S. 541, 553-553, 119

S.Ct. 1545, 143 L.Ed 2d 731 (1986), *Attorney General v. Bailey*, 386 Mass. 367, 436 N.e.2d 139 (1982).

When considering a motion for summary judgment, a court must not weigh the evidence or determine the credibility of the evidence. *Riley v. Presnell*, 409 Mass. 239, 565 N.E.2d 780(1991).

The plaintiff, NBIC being the party moving for summary judgment has the initial burden to show that there is no genuine issue as to any material fact, and that they are entitled to a judgment as a matter of law. *Godbout v. Cousens*, 396 Mass. 254, 257, 485 N.E.2d 940, 942 (1985) quoting Mass. R. Civ.P.56 (c)). "Until the burden is satisfied the opposing party is not obliges to present material in opposition to the motion". *Berrios v. Perchik*, 20 Mass.App. Ct. 930,; 479 N.E.2d 1194; *Foley v. Matulewicz*, 17 Mass. App. Ct. 1004, 1006, 459 N.E.2d 440 N.E.2d 1262, Moore's Federal Practice §§56.10[4][b]; 56.11; 56.13 (Matthew Bender 3d ed.)  If the moving party, in this case the plaintiff NBIC, meets its burden "in moving for summary judgment," then the burden will shift to the defendants to demonstrate with "admissible evidence the existence of a dispute as to material facts." *Godbout v. Cousens*, 396 Mass.254, 261, 485 N.E.2d 940, 945 (1985). Summary judgment shall be granted ' forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P.56(c).

In a court's determination of a motion for summary judgment, the court may not weigh evidence to make fact findings, nor may it consider evidence to make credibility determination. *Sensing v. Outback Steakhouse of Fla., LLC*, 575 F.3d 145, 163 (1st Cir. 2009). In determining if a factual dispute requiring a trial exists, the court must view the record in the case and the summary judgment submissions in the light most favorable to the non-moving party. *Denzler v. Questech, Inc.*, 80 F.3rd 97, 101(4th Cir. 2009). The Court in a summary judgment motion may not make a determination of any specific facts; rather, the court reviews the summary judgment motion and response papers and the court will seek to determine whether the record reveals a disputed factual issue material enough to require a trial and factfinder determination of the factual questions. Anderson v. Liberty Lobby, Inc., 477 U.S.242, 250, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). It would be inappropriate for the Court to assess the affiant's credibility. *Sorlucci v. New York City Police Dep't,* 888 F.2d 4, 7(2d Cir. 1989).

**ARGUMENT**

The plaintiffs Motion for Summary Judgment should be denied because it is premature because the defendants have not begun, let alone completed the discovery process for the instant case or the underlying case Costello v. Kaplan, and are therefore unable to present facts at this time essential to justify their Opposition to the Plaintiff's Motion for Summary Judgment. In the alternative, this Honorable Court should grant a Continuance pursuant to Fed. R. Civ. P. 56(f). Furthermore, the Plaintiff's Motion for Summary Judgment should be denied as several issues of material fact exist including the following: the intent of the defendants is at issue and that is a matter for the trier of fact; the reliance by the defendants on the promises of NBIC to defend the Costello v. Kaplan case is at issue and that is a matter for a trier of fact to determine; the definition of occurrence hinges on the "intent" of the Kaplans for indemnification and that is a matter for the trier of fact to determine, as well.

**A. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THE MOTION IS PREMATURE AS DISCOVERY HAS NOT BEEN COMPLETED AND THE DEFENDANTS DO NOT YET HAVE THE FACTS ESSENTIAL TO JUSTIFY THEIR OPPOSITION TO THE PLAINTIFF'S MOTION**

The Defendants do not have the facts essential to fully justify their Opposition to the Motion for Summary Judgment because discovery has not yet begun and the only discovery for the

underlying case is an unanswered request for interrogatories and an unanswered request for the production of documents sent by defense counsel to the plaintiffs in the Costellos v. Kaplan case. Therefore, this Honorable Court should deny the Plaintiff's Motion for Summary Judgment. The Federal Rules of Civil Procedure provides as follows:

> Should it appear from the affidavits of a party opposing the Motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment…"

In considering a Motion for Summary Judgment, the Court can consider the "pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits." Fed. R. Civ. P. 56(c). At this time, the parties are unable to present the Court with facts from depositions, or answers to interrogatories in either the instant case or the underlying case at this time. (App. Tab B,¶¶ 21-26, Tab C ¶¶ 21-26)

**B. IN THE ALTERNATIVE TO DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, THIS COURT SHOULD ORDER A CONTINUANCE TO ALLOW THE DEFENDANTS TO COMPLETE DISCOVERY AND TO TAKE DEPOSITIIONS NECESSARY TO OBTAIN THE FACTS ESSENTIAL TO**

**JUSTIFY THEIR OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

In the alternative to denying the Plaintiff's Motion for Summary Judgment, the Court should grant a continuance to allow the defendants to conduct discovery, to obtain the facts necessary to justify their opposition to the Plaintiff's Motion for Summary Judgment. Federal Rules of Civil Procedure provides as follows:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order that is just." Fed. R.Civ.P.56(f).

A continuance is appropriate when the opposing party demonstrates that without further discovery it cannot present by affidavit the facts necessary to justify its opposition. *Com v Fall River Motor Sales, Inc.*, 409 Mass. 302, 565 N.E.2d 1205. When a party argued that the entry of summary judgment was premature because it did not have complete discovery…she was

required to file an affidavit representing that for reasons stated {she could not present facts essential to justify her opposition and requesting a continuance to complete discovery. *Godbout v. Emma Cousens*, 396 Mass. 254, 262, 485 N.E.2d 940, 945 (1985)(quoting Mass.R.Civ. P. 56(f). The defendants have complied with Fed.R.Civ.P. 56(f) and has stated, on an affidavit, that they do not have the facts essential to justify their opposition to the Motion for Summary Judgment. (See App. Tab A). As indicated in the Affidavit, the Defendants have not had the opportunity to depose any of the plaintiffs or their employees and agents in this case. As discovery is not complete, the Plaintiff's motion for Summary Judgment is premature and the Defendant's require more time and information to accurately respond to the instant motion. Defendants have complied with Fed.R. Civ. P. 56 (f) by filing counsel's affidavit therefore, in the alternative denying the Plaintiff's Motion for Summary Judgment, a continuance should be granted to allow Defendants time to complete discovery.

**C. GENUINE ISSUES OF MATERIAL FACTS CURRENTLY EXIST AS TO WHETHER NBIC OR AGENTS AND EMPLOYEES PROMISED THE KAPLANS TO INDEMNIFY THEM AND REPRESENT THEM THROUGHOUT THE <u>COSTELLO v. KAPLAN</u> LAWSUIT AND WHETHER COVERAGE WAS TRIGGEREED BY THE TERMS OF THE POLICIES ISSUED BY NBIC.**

The Plaintiff's Motion for Summary Judgment should be denied because there are currently genuine issues of material fact existing as to whether NBIC has a duty to defend and indemnify the Kaplans and whether the terms of the policy and the interpretations of the terms of the policies by the Courts triggered indemnification and representation.

1. **NBIC's Duty to Defend the Kaplans**

In Massachusetts the rule is that insurers have a duty to defend a suit if a complaint is filed against an insured policy holder, and if the claim fairly sketches a complaint potentially within the coverage. *Boston Symphony Orchestra, Inc. v. Commercial Union Insurance Co.*, 406 Mass. 7, 545 N.E.2d 625 (1984). When an insurer defends a case or suit against its insured it has a duty to exercise reasonable care. *Herbert A Sullivan, Inc. v. Utica Mutual Insurance Co.*, 439 Mass 387, 788 N. E. IId522 (2003).

The Massachusetts Courts have held that the intent requirement of the policy exclusion negated coverage only if the insured intended to cause the harm intended or knew to a substantial certainty that harm would result. These policy provisions would not negate coverage if the insured's conduct was merely reckless. *Quincy Mutual Fire Insurance Co. v. Abernathy*, 393 Mass 81, 469 N. E. 2 797 (1984). An insurer has a duty to defend an insured when the allegations in a complaint are reasonably

susceptible of an interpretation or roughly sketches a claim covered by the policy terms. The duty to defend depends not only on the allegations of the complaint but also on the facts readily knowable. In this case the underlying claim of intentional inflection of emotional distress could easily be “fairly sketched” as an action in negligence, that would be obviously be covered. The courts have held that intent to cause the particular damage is required. *City of Newton v. Krasniger.* 404 Mass.682 at 685, 179 N.E.2d 1078 (1989). Nowhere in plaintiff’s pleadings are the Kaplans’ intent demonstrated to cause damage to the Costellos. The Kaplans deny any intention to harm the Costellos. (App. Tab B, ¶¶ 28-30, Tab C, PP28-30). The lawsuits filed by the Kaplans were filed against the Town of Hull and the Plymouth Superior Court ordered the Kaplans to add the Costello as an indepensible party. (App. Tab B, ¶32, Tab C, ¶32). The Kaplans filed suit in their free exercise of their constitutional right to seek redress of grievances and only sought relief from the Court. (App. Tab B ¶32, Tab C ¶32). NBIC relies on bald assertions contained in the Costello’s Complaint as a demonstration of intent but these assertions have been denied by the Kaplans. (App. Tab B ¶28, Tab C, ¶28). No other facts exist on the record on the matter of the Kaplans’ intent.

A determination of the insured's subjective intent or state of mind is required in order to determine whether the policy exclusion defense applies herein. The Kaplans' subjective intent or state of mind must be determined in order to determine of the exclusion applies. *Quincy Mutual Fire Insurance Co. v Abernathy,* 393 Mass 81 (1984). Nowhere in the record has plaintiff demonstrated defendants' state of mind or intent with regard to the allegations made in the underlying complaint contained in Costello. v. Kaplan. A determination of the subjective intent of the tortfeaser is a matter for a trier of fact and not a matter of law. *Preferred Mutual Insurance, Co. v. Gamache* 426 Mass. App. Ct. 194,675N.E. 2d 438, aff'd 93, Mass. 93, 686 N.E. 2d 989 (1997).

2. NBIC SHOULD BE ESTOPPED FROM DENYING COVERAGE FOR THE KALANS.

A party seeking to invoke the doctrine of estoppel generally must prove his or her justifiable or reasonable reliance on representation or conduct of the party to be estopped. The party must ordinarily establish that he or she acted upon such reliance to his or her detriment or prejudice. The standard of proof to establish estoppel is generally a preponderance of evidence.

Evidence is sufficient to prove estoppel when the party claiming the estoppel proves the adverse party's statement or conduct

that underlined the claim that the party relied upon the statement or conduct or that the party suffered a loss as the result of it. *Boston and Albany Railroad v. Reardon*, 226 Mass. 286, 291, 115 N.E.2d 408, 410 (1917).Whether the party has proved estoppel and met its burden is a question of fact. Calkins v. Wire Hardware Co., 267 Mass. 52, 68, 165 N.E. 889, 896 (1929).*Hebert S. Newman and Partners, P.C. v. CFC Cont. Ltd Partnership*, 236 Conn. 750, 674 A. 2d 1313 (1996). Once the party bearing the burden of proving the estoppel established facts that on their face are sufficient to constitute an estoppel, the burden shifts to the opposing party to show the mitigating circumstances excusing him or her from the operation of the estoppel.

A party must prove that the conduct purportedly gives rise to the estoppel. It must also prove that this is what the adviser party intended or reasonably expected that his or her representation or conduct would be relied upon by the party claiming the estoppel. It is certainly reasonable to expect that when the defendants received notice from NBIC and one of its panel attorneys that the defendants would be represented at no cost to them until the end of the Costello case, it is certainly reasonable to expect the defendants to rely on these representations. Because of the NBIC's representations, the

defendants relinquished control of the case and waived any claims they may have concerning representation to their determent in reliance on NBIC's offer to pay a panel attorney to represent the Kaplans. (App. Tab B ¶¶ 7-24,37-38;Tab C ¶¶7-24,37-38; Tab D) The judge may draw inferences from plaintiff's conduct which warrant the establishment of an estoppel. Bongaards v. Millen, 440 Mass. 267, 793 N.E.2d 335 (2003).

In showing reliance was justifiable or reasonable, the party seeking to invoke estoppel may also be required to demonstrate he or she exercised due diligence to ascertain the truth. (App. Tab D) And that the party not only lacked knowledge of the true state of things, but also had not convenient measure of ascertaining the knowledge. No facts exist to contradict the Kaplans' reasonable reliance on NBIC representations in fact the Kaplans were told that NBIC would represent them throughout the Costello case. (App. Tab D)

As a general rule, unless the facts are undisputed or only one reasonable inference can be drawn from them, whether the facts presented adequately establish estoppel is for the jury or the trier of fact to decide. (*Cobb v. City of New Hope*, 682 So. 2d 1375 (Ala. Civ. App. Ct 1996).

Whether equitable estoppel exists is a question of fact for a jury, upon proper instructions, when the evidence raises a

permissible inference that the elements of equitable estoppel are present but where other inference may be drawn from contrary evidence. *Continental Potash, Inc. v. Freeport-McMoran*, Inc. 115 N.M. 690, 858 p.2d 66(19993); *Creech v. Melnik*, 347 N.C. 520, 495 E.E.2d 907(1998). Whether an estoppel exists is a question of fact to be determined in each case. C*reveling v. Government Employees Ins. Co.*, 376 Md. 72, 828 A.2d 229(2003); Balamotis v. Hyland, 159 N.H. 803.

The existence of a particular element of estoppel such as a representation or promise to the party invoking estoppel, that the party against whom the estoppel is sought, the reasonableness of the reliance, or whether such reliance was detrimental and whether a party claiming estoppel has met its burden of proof are questions of fact. *Fadner v. Commissioner of Revenue Services*, 281 Conn. 719, 917 A.2d 540, (2007). In this case the plaintiff promised the defendants with representation in the Costello case under a reservation of rights in October or November of 2013. Defendants relied upon plaintiff's promise that they would receive legal representation under the policy for the entirety of the case Costello v. Kapan. (App. Tab B 7-25, 32-38; Tab C 7-25, 32-38, Tab D). The promise was confirmed by an insurance panel attorney in a letter to the Kaplans. (See Appendix Tab D). The Kaplans could have pursued alternatives

but made the decision to allow counsel appointed by plaintiffs to represent them. NBIC was presented with the underlying complaint and made a decision on whether or not to represent the defendants and based on their examination of the complaint they decided to represent the Kaplans under a reservation of rights. (App. Tab B ¶37, Tab C Tab ¶37). No new facts have been introduced to the record regarding the underlying complaint or for that matter in this declaratory judgement. No discovery has been taken in this case to determine defendants' intent or whether or not their reliance on the representations by the plaintiff's were justified. (App. Tab B ¶ 26, Tab C ¶26). The record indicates the defendants denied each and every allegation made by the plaintiffs in the Costello v. Kaplan case. (App. Tab B 9-25, 32-38; Tab C 9-25, 32-38). NBIC filed the instant action one year after agreeing to provide legal representation for the defendants and no facts have been documented to justify NBIC's need for a declaratory judgment. No depositions have been taken in either the instant case or Costello v. Kaplan, no interrogatories have been answered, no documents produced, and no request for admissions made in either case. (App. Tab B ¶26; Tab C ¶ 26). Plaintiff cites in its motion for summary judgement 1. the Costello v. Kaplan complaint, 2. the insurance policy, and 3. defendants' answers to the complaint and these three documents have not changed since NBIC agreed to represent

the Kaplans in the first place. Nothing in the plaintiff's pleadings have suggested any change in the record since October 2013. In 2013, the Kaplans had the right to object to counsel selected by insurers and had the right to select their own counsel but changed their position and allowed NBIC panel attorneys to represent them thus surrendering the right to control litigation of the matter. (App. Tab B ¶¶7-25, 34-38, Tab C¶¶7-25, 34-38), See *Three Sons, Inc. v. Phoenix Insurance Co.*, 357 Mass 271, 253 N.E.2d 774 (1970), *Magoun v. Liberty Mutual Insurance Co.*, 346 Mass 677, 195 N.E.2d 514 (1964).

2. **Whether to Allegations in the Costellos' Complaint constitute Occurrences**

One of the most important and fundamental terms of a general liability policy is the "occurrence" provision. However, because the occurrence definition involves the policy holder's state of mind – whether the policyholder expected or intended the harm involves the policy holder's state of mind – in this case, whether Kaplan expected or intended the harm claimed by the Costellos - it is rare for the policyholder or insurer to move for summary judgment on this issue. (App. Tab B ¶¶ 28,29, Tab C ¶¶ 28,29).

NBIC promised to represent the Kaplans in the Costello v. Kaplan lawsuit and improperly denied indemnification for the Kaplans.

Now, NBIC seeks to renege on its offer to provide legal representation to the Kaplans.

Plaintiffs improperly rely on the definitions in the policy and the simplistic labels in the Costello's Complaint to justify denial of indemnification responsibility and the obligation to provide a defense. NBIC relies on conclusory statements in the Complaint to arrive at their position and ignore the law. The conclusory statements in in NBIC's Memorandum In Support of Motion for Summary Judgment are legally insufficient to support the Plaintiff's Motion for Summary Judgment.

It is important to note that it is the nature of the claim and not the ultimate judgement against the insured that triggers the duty to defend. "Otherwise stated the process is one of envisaging what kind of losses can be proved as lying within the range of the allegations of the complaint then seeing whether any such loss fits the expectation of protective insurance reasonably generated by the terms of the policy." *Sterilite Corp. v. Continental Casualty Co*., 17 Mass APP. Ct. at 316 at 323, 458, N. E. 2 338 at 343 (1983), Review denied, 391 Mass 1102, 459, N. E. 2 826 (1984).

In Massachusetts, the Courts have held that a wide range of behavior is covered under homeowners policies as occurrences. The court held that the insurer owed a duty to defend and

indemnify the insured even after the alleged insured's guilty plea to assault and battery and resisting arrest did not conclusively establish the homeowners policy's intentional and criminal acts exclusion barred coverage in the underlying negligence action brought by a policeman as the result of the insured's conduct in attempting to flee. *Metropolitan Property and Cas.Ins.* Co. *v. Morrison,* 460 Mass 352, 951 N. E. 2 662 (2011).

Insurer had a duty to defend insured against allegations of a police officer who tried to arrest insured after a fight. Court could not infer as a matter of law that insured intended to injure a police officer while attempting to flee precluding summary judgement. Insured was entitled to reasonable expenses and attorney's fees incurred in establishing insurer's duty to defend. *Preferred Mut. Ins., Co. v. Gamache*, 42 Mass APP. CT. 194, 675 N. E. 2 438, Mass. APP. (1997). Criminal and intentional acts exclusion did not relieve insurer of duty to defend negligence and assault and battery claims against insured 41 year old man who when he stopped taking his medication became angry and attacked two women with a knife. The case was remanded for hearing on insurer's alleged unfair and deceptive practices. *Swift v. Fitchburg Mut. Ins. Co.*, 45 Mass App. Ct. 617, 700 N. E. 2 288 (Mass APP. 1998).

Insurer owed a duty to defend and indemnify insured for default judgement. *Metropolitan Property and Cas. Ins., Co. v. Morrison,* 460 Mass 352, 951 N. E. 2 662 (2011). Insurer had a duty to defend and indemnify insured who purchased a condominium unit and the seller continued to occupy a parking space and failed to remove her car when instructed to do so. The court held a limiting construction of policy's occurrence requirement must give way to coverage. *Dilbert v. Hanover Ins. Co.*, 63 Mass APP. Ct. 327, 825 N. E. 2 1071 (Mass APP. 2005).

The court in the *Sterilite* case explained that the duty to defend will terminate only if the insurer demonstrates with conclusive effect on the underlying case as a matter of fact as distinguished from the appearances of the complaint and policy the third party cannot establish a claim within the insurance. *Sterilite Corp. v. Continental Casualty Co.*, 17 Mass APP. Ct. at 316 at 323, 458, N. E. 2 338 at 343 (1983), Review denied, 391 Mass 1102, 459, N. E. 2 826 (1984).

For the reasons stated above, the defendants contend the plaintiffs action breached their contract with the Kaplans and violated M.G.L. c. 93A and M.G.L c. 176D as alleged in the counterclaims.

**CONCLUSION**

For the foregoing reason, Defendants respectfully request this Court to deny Plaintiff’s Motion for Summary Judgment because it is premature, discovery is not complete and there are several issues of fact for the jury to determine.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Rule 7.0(d) of the Local Rules of the District Court of Massachusetts, the defendants request one half hour of oral argument on the opposition to the motion for summary judgment.

Respectfully submitted,

By the Defendants,
Kenneth and Donna Kaplan
By their attorney,

/s/ Joseph Lally
Joseph Lally, Esq.
BBO No.: 661747
joelally@lally-at-law.com
Mill River Executive Center
53 Winter Street
Weymouth, MA 02188
(617)-686-4784
Date: June 22, 2015

**CERTIFICATE OF SERVICE**

I, Joseph M. Lally, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). However, upon information and belief, the only registered participants identified at this time are Kathleen Kelley, Esq. and David M.O'Connor, Esq. counsel for NBIC.

/s/ Joseph M. Lally
Joseph M. Lally, Esq.

Date: June 22, 2015