UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NARRAGANSETT BAY INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>KENNETH L. KAPLAN and DONNA L. KAPLAN,<br><br>Defendants. | CIVIL ACTION NO. 14-CV-12466-JCB |

# APPENDIX

| Reference | Description | Tab |
|---|---|---|
| Affidavit | Joseph M. Lally | A |
| Affidavit | Kenneth Kaplan | B |
| Affidavit | Donna Kaplan | C |
| Letter | Attorney John Haverty | D |

## CERTIFICATE OF SERVICE

I, Joseph M. Lally, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). However, upon information and belief, the only registered participants identified at this time are Kathleen Kelley, Esq. and David M. O'Connor, Esq. counsel for NBIC.

/s/ Joseph M. Lally
Joseph M. Lally, Esq.

Date: June 22, 2015

# TAB A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-CV-12466-JCB

| | | |
|---|---|---|
| NARRAGANSETT BAY INSURANCE COMPANY, Plaintiff<br><br>v.<br><br>KENNETH L. KAPLAN AND DONNA L. KAPLAN, Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | AFFIDAVIT OF JOSEPH M. LALLY<br><br>IN OPPOSITION TO PLAINTIFF'S<br><br>MOTION FOR SUMMARY JUGMENT |

Commonwealth of Massachusetts } ss.
Plymouth County

I, Joseph M. Lally, being duly sworn, depose and say:

1. I am attorney duly licensed to practice law in the Commonwealth of Massachusetts and the Federal District Court of Massachusetts.

2. I represent the defendants named in the above-captioned matter.

3. I am unable to secure adequate facts necessary to defend the action.

4. I have secured the affidavits of my clients. (Tab B and Tab C).

5. There have been no depositions conducted in this matter and the underlying matter.

6. The defendants are seeking a continuance to permit the defendants to take depositions from plaintiff's employees and agents.

Signed this day June 22, 2015 under the pains and penalties of perjury.

Joseph M. Lally, Esq.

# TAB B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-CV-12466-JCB

| | |
|---|---|
| NARRAGANSETT BAY INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>KENNETH L. KAPLAN AND DONNA L. KAPLAN,<br>Defendants | AFFIDAVIT OF KENNETH KAPLAN<br>IN OPPOSITION TO PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT |

Commonwealth of Massachusetts
Plymouth County } ss.

I, Kenneth Kaplan, being duly sworn, depose and say:

1. I am a named defendant in the above-captioned matter.
2. I am married to Donna L. Kaplan, the other named defendant in this matter.
3. I live at 73 Manomet Avenue, Hull, Plymouth County, Massachusetts.
4. NBIC issued a homeowners' policy to us and the policy was in effect during the period in question.
5. I meet the policy's definition of insured in that I paid for the policy and I am named as insured on the policy.
6. I believe the NBIC policy and Massachusetts case law requires the NBIC to provide me with counsel in the Costello v. Kaplan case.
7. I believe NBIC policy and Massachusetts case law requires NBIC to indemnify me for certain occurrences defined by common law, case law, and the homeowner's policy.

8. On October 23, 2013 William and Mary Costello have filed suit against Donna L. Kaplan and Kenneth L. Kaplan in Plymouth Superior Court No. CV2013-1146A (Hereinafter Costello v. Kaplan).

9. I immediately filed a claim with NBIC after I was served with the summons and complaint in Costello v Kaplan lawsuit for a defense and indemnification.

10. NBIC hired counsel to represent me under a reservation of rights.

11. Attorney John Haverty of Haverty and Feeney notified me that NBIC had selected him to represent me in the Costello lawsuit.

12. Attorney John Haverty informed me that the firm would file an appearance and provide me with a defense throughout the course of this action, Costello et al v. Kaplan et al. (Attachment A).

13. Attorney Haverty told me that he may consult with a lawyer of their own choosing at the Kaplans' own expense.

14. Attorney Haverty offered to provide detailed updates to my personal counsel.

15. Haverty and Feeney withdrew from representation and successor counsel was selected by NBIC.

16. NBIC's selection process has caused significant delays in defense of the case in Costello v. Kaplan.

17. I relied on NBIC to provide defense counsel throughout the entire matter, as promised by Haverty and Feeney, until the conclusion of the Costello v. Kaplan case.

18. I have endured interruptions in this case caused by NBIC's delay to make the initial appointment of legal counsel and successor counsel.

19. I made a decision in November 2013 based on the representations of NBIC and their agents and accepted NBIC's appointed counsel based on NBIC representations and did not hire private counsel to my detriment.

20. As the result of NBIC actions, I have suffered delays, have been exposed to great legal and financial losses, and have suffered great emotional distress.

21. The delays cost me an opportunity to have the Anti-SLAPP Motion heard in February 2014.

22. Monahan and Associates has appointed two different attorneys to represent me.

23. To date, I have had 3 different attorneys represent me in the Costello v. Kaplan case and I have cooperated with each attorney as well as NBIC.

24. To the best of my knowledge, the only discovery conducted so far has been one set of interrogatories and a request for production of document has been sent to the Costellos.

25. NBICs appointed counsel have requested documents and propounded interrogatories but the Costellos have not responded and no enforcement actions have taken place such as filing a motion to compel compliance with the discovery requests.

26. To the best of my knowledge no depositions have been scheduled in the Costello case.

27. I believe NBIC policy and Massachusetts case law requires NBIC to indemnify me for certain occurrences defined by common law, case law, and the homeowner's policy.

28. I deny and have denied the allegations in the Costello complaint.

29. I never intended to harass, intimidate, or coerce the Costellos.

30. The NBIC policy in fact requires NBIC to defend and indemnify me against the claims asserted in the underlying action.

31. I claim that the circumstances alleged in the Costello's complaint (CV2013-1146A) are occurrences under the policy and NBIC should be required to defend against the Costello's complaint (CV2013-1146A) on behalf of the

Kaplans and to pay within the limits of such policy all sums which it shall legally obligated to pay resulting therefrom.

32. I never sued the Costellos until ordered to do so by the Court because they we deemed as indepensible parties to my suits against the Town of Hull regarding zoning issues and appeals.

33. The NBIC has denied me full coverage which I paid through premiums.

34. I have sustained a loss of money as the direct and proximate result of the NCIC acts.

35. NBICs act were willful and knowing violations of M.G.L.c.93A, §2 AND C.176D.

36. NBIC is trying to renege on the obligations under the contract by undertaking this action.

37. I could have hired private counsel and taken and engaged in alternative, more aggressive, legal strategies but I relied on the representations of NBIC, its agents and employees and a result I have suffered monetary loss and NBIC has initiated this lawsuit causing me further financial loss.

38. As the result of NBIC actions and inactions, I have suffered delays, have been exposed to great legal and financial losses, and have suffered great emotional distress

Kenneth L. Kaplan

Kenneth L. Kaplan

Subscribed and sworn to before me this 22 day of June, 2015.

Janet Giacomozzi

Notary Public

My Commission expires:
1/21/2016

JANET L. GIACOMOZZI
Notary Public
Commonwealth of Massachusetts
My Commission Expires January 21, 2016

# TAB C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-CV-12466-JCB

| | |
|---|---|
| NARRAGANSETT BAY INSURANCE COMPANY, Plaintiff, v. KENNETH L. KAPLAN AND DONNA L. KAPLAN, Defendants | AFFIDAVIT OF DONNA KAPLAN IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

Commonwealth of Massachusetts } ss.
Plymouth County

I, Donna Kaplan, being duly sworn, depose and say:

1. I am a named defendant in the above-captioned matter.
2. I am married to Kenneth. Kaplan, the other named defendant in this matter.
3. I live at 73 Manomet Avenue, Hull, Plymouth County, Massachusetts.
4. NBIC issued a homeowners' policy to us and the policy was in effect during the period in question.
5. I meet the policy's definition of insured in that I paid for the policy and I am named as insured on the policy.
6. I believe the NBIC policy and Massachusetts case law requires the NBIC to provide me with counsel in the Costello v. Kaplan case.
7. I believe NBIC policy and Massachusetts case law requires NBIC to indemnify me for certain occurrences defined by common law, case law, and the homeowner's policy.

8. On October 23, 2013 William and Mary Costello have filed suit against Donna L. Kaplan and Kenneth L. Kaplan in Plymouth Superior Court No. CV2013-1146A (Hereinafter Costello v. Kaplan).

9. I immediately filed a claim with NBIC after I was served with the summons and complaint in Costello v Kaplan lawsuit for a defense and indemnification.

10. NBIC hired counsel to represent me under a reservation of rights.

11. Attorney John Haverty of Haverty and Feeney notified me that NBIC had selected him to represent me in the Costello lawsuit.

12. Attorney John Haverty informed me that the firm would file an appearance and provide me with a defense throughout the course of this action, Costello et al v. Kaplan et al. (Attachment A).

13. Attorney Haverty told me that he may consult with a lawyer of their own choosing at the Kaplans' own expense.

14. Attorney Haverty offered to provide detailed updates to my personal counsel.

15. Haverty and Feeney withdrew from representation and successor counsel was selected by NBIC.

16. NBIC's selection process has caused significant delays in defense of the case in Costello v. Kaplan.

17. I relied on NBIC to provide defense counsel throughout the entire matter, as promised by Haverty and Feeney, until the conclusion of the Costello v. Kaplan case.

18. I have endured interruptions in this case caused by NBIC's delay to make the initial appointment of legal counsel and successor counsel.

19. I made a decision in November 2013 based on the representations of NBIC and their agents and accepted NBIC's appointed counsel based on NBIC representations and did not hire private counsel to my detriment.

20. As the result of NBIC actions, I have suffered delays, have been exposed to great legal and financial losses, and have suffered great emotional distress.

21. The delays cost me an opportunity to have the Anti-SLAPP Motion heard in February 2014.

22. Monahan and Associates has appointed two different attorneys to represent me.

23. To date, I have had 3 different attorneys represent me in the Costello v. Kaplan case and I have cooperated with each attorney as well as NBIC.

24. To the best of my knowledge, the only discovery conducted so far has been one set of interrogatories and a request for production of document has been sent to the Costellos.

25. NBICs appointed counsel have requested documents and propounded interrogatories but the Costellos have not responded and no enforcement actions have taken place such as filing a motion to compel compliance with the discovery requests.

26. To the best of my knowledge no depositions have been scheduled in the Costello case.

27. I believe NBIC policy and Massachusetts case law requires NBIC to indemnify me for certain occurrences defined by common law, case law, and the homeowner's policy.

28. I deny and have denied the allegations in the Costello complaint.

29. I never intended to harass, intimidate, or coerce the Costellos.

30. The NBIC policy in fact requires NBIC to defend and indemnify me against the claims asserted in the underlying action.

31. I claim that the circumstances alleged in the Costello's complaint (CV2013-1146A) are occurrences under the policy and NBIC should be required to defend against the Costello's complaint (CV2013-1146A) on behalf of the

Kaplans and to pay within the limits of such policy all sums which it shall legally obligated to pay resulting therefrom.

32. I never sued the Costellos until ordered to do so by the Court because they we deemed as indepensible parties to my suits against the Town of Hull regarding zoning issues and appeals.

33. The NBIC has denied me full coverage which I paid through premiums.

34. I have sustained a loss of money as the direct and proximate result of the NCIC acts.

35. NBICS act were willful and knowing violations of M.G.L.c.93A, §2 AND C.176D.

36. NBIC is trying to renege on the obligations under the contract by undertaking this action.

37. I could have hired private counsel and taken and engaged in alternative, more aggressive, legal strategies but I relied on the representations of NBIC, its agents and employees and a result I have suffered monetary loss and NBIC has initiated this lawsuit causing me further financial loss.

38. As the result of NBIC actions and inactions, I have suffered delays, have been exposed to great legal and financial losses, and have suffered great emotional distress

SIGNED UNDER THE PAINS & PENALTIES OF PERJURY.

Donna Kaplan

Donna Kaplan

22nd

# TAB D

possible any jury award may exceed the policy limits of your policy with The Narragansett Bay Insurance Company.

As always, should you have any questions or concerns regarding this matter at any time, please do not hesitate to contact us. Thank you for your anticipated cooperation and assistance in this matter.

Very truly yours,

HAVERTY&FEENEY

John W. Haverty

JWH:jh
Enclosure

Haverty&Feeney

ATTORNEYS AT LAW

November 1, 2013

Mr. and Mrs. Kenneth Kaplan
73 Manomet Avenue
Hull, MA 02045

RE: William Costello & Mary Costello
v. Kenneth Kaplan & Donna Kaplan
Civil Action No.: PLCV2013-01146A
Our File No.: 7-1534

Dear Mr. and Mrs. Kaplan:

Please be advised this firm has been retained by The Narragansett Bay Insurance Company to represent you in connection with the above-entitled action. We will file an appearance and we will provide you with a defense throughout the course of this action. Of course, you may also consult with a lawyer of your own choosing at your own expense. We would be pleased to provide detailed updates to your personal counsel should you choose to do so.

During the course of this action, we will have occasion to call upon you from time to time for your assistance. This assistance will include providing us with information and materials regarding this occurrence, answering interrogatories which may be served by the plaintiff's attorney, and assisting us in preparing for and, if necessary, testifying at a possible trial of this action.

In the meantime, we request that you fill out the enclosed form, providing all information requested. If, in the future, your home or business address or telephone number should change, please notify us immediately so that we can make the appropriate notations in our file. Also, if you wish us to confer with your personal counsel, please provide is or her contact information.

We wish to remind you not to discuss this case with anyone other than myself, a representative of this firm, your private counsel, or a representative of The Narragansett Bay Insurance Company. If you should be contacted or receive any inquiries regarding this matter, please refer all such contacts or inquiries directly to this office. Please also advise as to any umbrella or excess policies that you may have that could possibly provide coverage in this matter. This is critical since notwithstanding plaintiff's claimed medical expenses and special damages, should the case reach a jury, it is

54 Samoset Street, Route 44
Plymouth, MA 02360 – 4546
Voice 508 746 6100
Fax 508 746 7067
Email info@havertyfeeney.com