UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-CV-12466-JCB

| | |
|---|---|
| NARRAGANSETT BAY INSURANCE COMPANY, Plaintiff | ) |
| v. | ) |
| KENNETH L. KAPLAN AND DONNA L. KAPLAN, Defendants | ) |

**DEFENDANTS' REPLY TO PLAINTIFFS REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The defendants, Kenneth Kaplan and Donna Kaplan, (Hereinafter referred to as "the Kaplans") submit the Defendants' Reply to Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment.

**STATEMENT**

Narragansett Bay Insurance Company (Hereinafter referred to as "NBIC") through its counsel made a serious misstatement regarding discovery in Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment [26] that seriously undermines its argument for summary judgment. In large part, NBIC argues that discovery has closed

and has been closed for some time. However, on page three, line 9 of NBIC's Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment [Docket Number 26] NBIC states discovery was closed on September 14, 2014, however discovery closes September 14, 2015. By order of this Honorable Court Docket number 17, the following docket entry was made:

> "ELECTRONIC Clerk's Notes for proceedings held before Judge Douglas P. Woodlock: Initial Scheduling Conference held on 2/12/2015; Court Orders all fact discovery to be completed by 9/14/15; dispositive motions due by 10/1/15. (Court Reporter: Richard Romanow at bulldog@richromanow.com.)(Attorneys present: Kelley for the pltff; Lally for the defts)" [17].

Furthermore, NBIC has not sent defendants disclosure in compliance with Fed. Rules Civ. Proc. 26(A) and Local Rule 26.2. Additionally, NBIC has not complied with the Certification requirements pursuant to Local Rule 16.1.

With regards to the Kaplans' estoppel claim, NBIC argues that the Kaplan reliance was not reasonable because NBIC sent the Kaplans a form letter reserving NBIC's rights. However, NBIC sent two different letters to the defendants the first letter purportedly reserving NBIC rights and a second letter from a member of NBICs panel, Attorney John Haverty, promising to

defend the Kaplans throughout the Costello v. Kaplan matter, a commitment from which NBIC now tries to renege. NBIC relies on a form letter sent by the adjuster and disregards completely letter sent its own hand-picked defense lawyer: Attorney Haverty. Who would a reasonable person believe? The Kaplans argue it is perfectly reasonable for them to believe their own lawyer in this case Attorney Haverty. Is it the Kaplans' fault because they relied on the representation of a member of the Massachusetts Bar and a member of the NBIC insurance panel? These are certainly questions for a trier of fact and not the proper subject of summary judgment. The two letters certainly create and ambiguity and it is black letter law that ambiguities in written documents shall be resolved against the party drafting the documents in this case NBIC. Here, NBIC seeks to totally disregard the letter sent by a practicing member of the Massachusetts Bar who was selected by NBIC to represent the Kaplan and NBIC continues to latch on to a form letter sent to the Kaplans by an NBIC adjuster as its ticket to escape from a promise to provide representation for the Kaplans.

Despite a large body of case law on interpreting insurance policy clauses, NBIC cites to no authority to support its position on the definition of the terms of the insurance policy

but instead asks the court to rely on NBIC biased interpretation of the terms and ignore a substantial body of case law.

## CONCLUSION

NBIC has misrepresented a crucial fact to the Court by stating discovery closed ten months ago, when in fact it closes September 14, 2015. NBIC has not established the absence of a triable issue. The Kaplans have responded by alleging specific facts establishing the existence of a genuine issue of material fact regarding the interpretation of the policy and its claim for contract by estoppel. The Kaplans cite authorities to buttress their arguments and produced a letter from an NBIC representative stating that the Kaplans would be represented through the Costello v. Kaplan matter. NBIC is trying to obtain summary judgment using its and other unverified pleading, which should not be accorded evidentiary weight, Godbout v. Cousens, 396 Mass. 254, 261-262, 485 N.E.2d 940 (1985). In support of their argument, NBIC submitted an arguably inadmissible redacted copy of a homeowner's policy, an unverified complaint from a disgruntled neighbor, defendants' answer and counterclaims and a form letter regurgitating the underlying case purportedly reserving rights, which in its current form may be inadmissible. NBIC did not submit any affidavits, and its complaint was unverified. NBIC's motion for summary judgment should be denied.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Rule 7.0(d) of the Local Rules of the District Court of Massachusetts, the defendants request one half hour of oral argument on the opposition to the motion for summary judgment.

Respectfully submitted,

By the Defendants,
Kenneth and Donna Kaplan
By their attorney,

/s/ Joseph Lally
Joseph Lally, Esq.
BBO No.: 661747
joelally@lally-at-law.com
Mill River Executive Center
53 Winter Street
Weymouth, MA 02188
(617)-686-4784
Date: July 13, 2015

**CERTIFICATE OF SERVICE**

I, Joseph M. Lally, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). However, upon information and belief, the only registered participants identified at this time are Kathleen Kelley, Esq. and David M. O'Connor, Esq. counsel for NBIC.

/s/ Joseph M. Lally
Joseph M. Lally, Esq.

Date: July 13, 2015